UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RACHEL PICHON, RONNIE MACK AND SHIRLEY MACK** | **CIVIL ACTION** |
| **VERSUS** | **NO:  13-682** |
| **BOYD BROTHERS TRANSPORTATION CO., INC., HUDSON INSURANCE COMPANY AND JEFFREY FOCHTMAN** | **SECTION: "S" (5)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. #5) is **DENIED**.

BACKGROUND

Plaintiffs, Rachel Pichon, Ronnie Mack and Shirley Mack seek to remand this action to the Civil District Court, Parish of Orleans, State of Louisiana.  They argue that removal was untimely because the Notice of Removal was filed more than thirty days after the defendants received the first papers from which they could ascertain that the amount in controversy exceeded $75,000 per plaintiff, the minimum amount required for diversity subject matter jurisdiction in federal court.

On September 21, 2011, plaintiffs and Marvin Howard[1], were involved in a motor vehicle accident with an 18-wheel truck being driven by Jeffrey Fochtman, who was employed by WTI Transport, Inc.[2]  At the time of the accident, Shirley Mack was driving a van in which Ronnie Mack,

---

[1] Howard filed a separate action in the Civil District Court, Parish of Orleans, State of Louisiana against Hudson Insurance Company, Boyd Brothers Transportation, Jeffrey Fochtman, Shirley Mack and US Agencies regarding the September 21, 2011, motor vehicle accident.  Hudson Insurance Company, Boyd Brothers Transportation and Jeffrey Fochtman removed the action to the United States District Court for the Eastern District of Louisiana, and it was assigned Civil Action No. 13-692.  Howard filed a motion to remand that action to the Civil District Court, Parish of Orleans, State of Louisiana (Doc. #6), arguing that the defendants' notice of removal was untimely.

[2] Plaintiffs erroneously allege that Fochtman was employed by Boyd Brothers.

Pichon and Howard were passengers.[3]  The vehicles scraped each other as they approached a ramp leading to Interstate-10, near the intersection of North Claiborne Avenue and St. Phillip Street in New Orleans, Louisiana.  Photographs of the van after the accident show a tire scrape mark on the driver's side of the van left by the 18-wheel truck.

After the accident, Shirley Mack complained of neck and right hip pain, and was transported by ambulance to Tulane University Hospital and Clinic.  At the hospital she was diagnosed with a cervical strain.  Shirley Mack was treated by a chiropractor from September 23, 2011, until March 28, 2012.  On March 16, 2012, Shirley Mack began treatment with Dr. Michael S. Haydel, and anesthesiologist and pain specialist.  Dr. Haydel diagnosed Shirley Mack with cervicalgia with cervical disc/facet disease, spondylosis, stenosis, insomnia, hypertension and arthritis.  Dr. Haydel recommended steroid injections, but Shirley Mack refused the treatment.  Shirley Mack last saw Dr. Haydel on April 26, 2012, and he noted that "patient believes that neck pain is improving with medication."  Magnetic resonance imaging ("MRI") results in Shirley Mack's medical records show a herniated disc and other degenerative changes in her spine, but there is no opinion as to the cause of these conditions.  Her medical records do not contain a recommendation for surgery. Shirley Mack's medical bills totaled $10,302.75.

Ronnie Mack was treated by a chiropractor from September 23, 2011, until March 28, 2012. Ronnie Mack began treatment with Dr. Haydel on March 11, 2012.  Dr. Haydel diagnosed Ronnie Mack with cervicalgia with cervical disc disease, arthritis, hypertension and insomnia.  Ronnie Mack

---

[3] Defendants contend that Ronnie Mack was driving the van because Fochtman stated that a male was driving the van at the time of the accident. Howard testified that he was in the rear passenger seat.

received two steroid injections from Dr. Haydel, one on April 26, 2012, and the other on May 3, 2012.  Ronnie Mack was scheduled for a third steroid injection on May 11, 2012, but missed the appointment.  MRI results contained in Ronnie Mack's medical records show a herniated disc and other degenerative changes in his neck, but there is no opinion regarding the cause of these conditions. His medical records do not contain a recommendation for surgery.  Ronnie Mack's medical bills totaled $16,930.

On June 28, 2012, plaintiffs[4] filed this action in the Civil District Court, Parish of Orleans, State of Louisiana, alleging claims against the defendants related to the September 21, 2011, motor vehicle accident.  In their petition, plaintiffs allege that the motor vehicle accident:

> caused  severe and debilitating injuries to the petitioners, SHIRLEY MACK, RONNIE MACK, and RACHEL PICHON. SHIRLEY MACK suffered and continues to suffer from total property damage as a result of the wreck as well as injuries to her neck, back, and head. RONNIE MACK suffered and continues to suffer from injuries to his head, neck, back, radicular pain, and numbness.  RACHEL PICHON suffered and continues to suffer from injuries to her head, neck, shoulder, back, hips, radicular pain, and wrist pain.

All of the plaintiffs seek damages for mental and physical pain and suffering, loss of enjoyment of life, medical expenses, lost wages, loss of earning capacity, mental anguish, disability, inconvenience, mileage and other expenses.  Additionally, Ronnie Mack seeks "bystander" damages for witnessing "grievous injuries caused to his mother, Shirley Mack," and loss of consortium damages related to his mother's injuries.  Shirley Mack also claims "bystander" damages for witnessing "grievous injuries caused her son, Ronnie Mack," loss of consortium damages related to

---

[4] Pichon's medical records were not filed into the court record.

her son's injuries, and property damage, loss of use of the vehicle, and diminution of value of the vehicle.  Plaintiffs allege that each of their damages exceeds fifty thousand dollars.[5]

On January 8, 2013, plaintiffs' counsel forwarded Shirley Mack's and Ronnie Mack's medical records to defense counsel.[6]  Thereafter, on March 28, 2013, plaintiffs' counsel made a written settlement demand to defense counsel seeking $190,224.75 for Rachel Pichon, $154,208.50 for Shirley Mack and $241,930.00 for Ronnie Mack.

On April 10, 2013, defendants filed a Notice of Removal of the action to the United States District Court for the Eastern District of Louisiana.  In the Notice of Removal, defendants state that the federal court has diversity subject matter jurisdiction under 28 U.S.C. § 1332, because the parties are diverse and there is more than $75,000 per plaintiff in controversy.  Defendants also state that they first became aware that the amount in controversy exceeded the jurisdictional minium upon receipt of plaintiffs' March 28, 2013, settlement demand.

On April 19, 2013, plaintiffs filed a motion to remand.  They do not dispute that the parties are diverse and that the amount in controversy exceeds the jurisdictional minimum.  Instead, they contend that defendants' Notice of Removal was untimely because it was filed more than thirty days after they were served with notice of the suit and more than thirty days after they received plaintiffs' medical records.  Plaintiffs contend that the defendants could have ascertained from the petition and their medical records that the amount in controversy exceeded $75,000 per plaintiff.  Plaintiffs contend that defendants had thirty days from the date they received their complete medical records to remove the action.

---

[5] Fifty thousand dollars is the minimum amount in controversy necessary for a jury trial in Louisiana state court. See LA. CODE CIV. PROC. art. 1732.

[6] Pichon's medical records were not forwarded to defense counsel.

Defendants argue that plaintiffs' petition and medical records did not provide sufficient information regarding their damages from which defendants could ascertain the extent of their damages.  Defendants argue that the time for filing a notice of removal begins to run when it becomes apparent from either the petition or other papers received thereafter that the plaintiffs' damages exceed the jurisdictional threshold.

## ANALYSIS

A defendant may remove a civil action filed in state court if a federal court would have original jurisdiction over the suit. See 28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1332, the federal court has diversity subject matter jurisdiction over actions in which the plaintiff and defendants are not citizens of the same State, and there is more than $75,000 in controversy. To remove a case from state court to federal court, a defendant must file a notice of removal within thirty days of the service of the petition on the defendant. See id. at §§ 1446(a)-(b).  If the plaintiff's initial petition is not removable, the defendant may file a notice of removal within thirty days of being served with an amended petition or other document from which it may first be ascertained that the case is removable. Id. at § 1446(b).

In Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992), the United States Court of Appeals for the Fifth Circuit held that the thirty-day period for removal provided by § 1446 begins to run at the receipt of the initial pleading "only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Therefore, if the plaintiff "wishes the thirty-day time period to run from the defendant's receipt of the initial pleading," he or she must specifically allege that his or her damages exceed the jurisdictional threshold for federal diversity subject matter jurisdiction. Id. In adopting

5

this rule the court stated that the rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." Id. Further, the court held that documents received by a defendant before the plaintiff files suit are not relevant for the calculation of the timeliness of removal. Id. at 164-65.  Rather, under § 1446(b), "other papers" related to the federal jurisdictional amount must be received by the defendant after the plaintiff files suit. Id.

Plaintiffs' petition contains generic allegations regarding their damages, and does not affirmatively reveal on its face that they are seeking damages in excess of $75,000 per plaintiff. The medical records plaintiffs provided to the defendants on January 8, 2013, do not reveal that they seek more than $75,000 each.  The records state that Ronnie Mack's medical bills totaled $16,930, and Shirley Mack's medical bills totaled $10,302.75.  No medical records were submitted to defendants on behalf of Pichon.  The records do not include information about the causation of any of Ronnie Mack's or Shirley Mack's purported injuries, and there are no recommendations for further treatment, such as surgeries, that would indicate the potential for high future medical costs related to the September 2011 motor vehicle accident.  Further, according to these medical records, Shirley Mack discontinued treatment in April 2012, and Ronnie Mack discontinued treatment in May 2012.

Therefore, the petition and medical records did not affirmatively reveal on their face that the plaintiffs seek damages in excess of the federal jurisdictional minimum, and the defendants' receipt of the petition and medical records did not trigger the defendants' thirty-day period for removal. Plaintiffs' March 28, 2013, settlement demand was the first paper received by defendants that indicated that plaintiffs' claims exceeded the jurisdictional minimum amount, and defendants

removed the action to the federal court within thirty days of receiving this paper.  Thus, the removal was timely, and plaintiffs' motion to remand is DENIED.


## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. #5) is **DENIED**.


New Orleans, Louisiana, this _20th_ day of June, 2013.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**