IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RACHEL PICHON, ET AL.,** | **CIVIL ACTION** |
| | **NO. 13-682** |
| | **c/w 13-692** |
| **VERSUS** | |
| | **JUDGE MARY ANN VIAL LEMMON** |
| **BOYD BROS. TRANSPORTATION,** | |
| **INC., ET AL.** | **SECTION "S"(5)** |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY
BOYD BROS. TRANSPORTATION, INC. AND HUDSON INSURANCE COMPANY**

Defendants, Boyd Bros. Transportation, Inc. ("Boyd"), and Hudson Insurance Company ("Hudson"), support their Motion for Summary Judgment as follows:

**I.   INTRODUCTION**

This case arises out of a minor auto accident on September 21, 2011, near an on-ramp to 1-10 in New Orleans, Louisiana. The accident occurred when a Blue Chevrolet Astro van occupied by the Plaintiffs contacted/swiped the right rear tire of an 18-wheel tractor-trailer driven by Defendant Jeffrey Fochtman. Plaintiffs sued Fochtman, Boyd and Hudson.

While Boyd is a trucking company, it is not Fochtman's employer, a fact this Court noted in its June 20, 2013, Order denying plaintiff's motion to remand (Doc. 9, p.2, n.2). Fochtman is employed by WTI Transport, Inc., a separate corporate entity from Boyd. While Hudson provides indemnity to Boyd under Policy # HMU200002-04[1], Fochtman is not an insured under that policy. Because Boyd is an erroneously named Defendant, Boyd should be dismissed. The only Defendant that Hudson insures is Boyd; so, once Boyd is dismissed, there will be no insured

---

[1] *See* Exhibit A, Hudson Indemnity Policy

{N2821487.1}   - 1 -

party-defendant as required under Louisiana's Direct Action Statute to maintain an action against Hudson. As a result, Hudson should also be be dismissed.

## II.  PLAINTIFFS' CLAIMS

Plaintiffs Shirley Mack, Ronnie Mack and Rachel Pichon filed suit on June 28, 2012, in the Civil District Court for the Parish of Orleans. (Doc 1-1, page 51). Plaintiff Marvin Howard filed suit on August 2, 2012, in the Civil District Court for the Parish of Orleans. (Doc. 1-1, page 2, in *Howard v. Boyd, et al*, 2:13-cv-00692-MVL-MBN). Both matters were removed to Federal Court on April 10, 2013, and consolidated on September 13, 2013 (Doc. 12). Defendants Hudson and Boyd seek dismissal as to all claims against them in both actions. A recitation of Plaintiffs' claims against Fochtman, Boyd, and Howard is useful in evaluating Defendants' Motion for Summary Judgment.

**A.**  **Claims of Shirley Mack, Ronnie Mack and Rachel Pichon:**

  1. Pichon's and the Macks' Claims against Fochtman

The petition states as follows:

> Defendant, JEFFREY FOCHTMAN, is guilty of acts of fault, negligence and gross and wanton negligence, which legally contributed to and are the proximate cause of the accident and resulting injuries in the following, non-exclusive particulars:
> a)   Failing to maintain a proper lookout;
> b)   Being distracted, impaired and/or inattentive;
> c)   Failing to avail himself of the last clear chance to avoid the accident herein;
> d)   Failing to see what he should have seen and failing to do what he should have done in order to avoid the accident;
> e)   Failing to recognize a potentially hazardous or dangerous condition;
> f)   Failing to ensure he could change lanes safely;
> g)   Changing lanes when it was unsafe to do so;
> h)   Changing lanes in close proximity to an intersection in violation of law;
> i)   Violating any and all applicable federal regulations governing the safe operation of multi-axle vehicles;

    j) Violating State, Parish and Local ordinances, all of which are pled as if copied at length herein;
    k) Failing to exercise reasonable care;
    i) Any and all other acts of negligence which may be brought out at the trial herein.

(Doc. 1-1, Pages 26-7).

  2. <u>Pichon's and the Macks' Claims against Boyd</u>:

There are two types of claim being made against Boyd: those based solely because of Boyd's alleged employment of Fochtman pursued under a vicarious liability/respondeat superior theory and those that relate to Boyd's individual actions. Both types should be summarily dismissed. The petition states as follows:

> At all times pertinent, JEFFREY FOCHTMAN was acting in the course and scope of his employment with defendant BOYD BROTHERS TRANSPORTATION COMPANY, INC. (Hereafter "Boyd Brothers") Defendant, Boyd Brothers, is liable for the negligent acts committed by its employee, JEFFREY FOCHTMAN, while in the course and scope of his employment, by virtue of the theory of Respondeat Superior, said acts of fault, negligence and gross negligence which legally contributed to the accident and injuries sustained herein, and are the proximate cause of the accident and Petitioners' injuries.
>
> The defendant, BOYD BROTHERS TRANSPORTATION COMPANY, INC., owner of the offending vehicle, committed the following acts of fault, negligence and gross and wanton negligence which were the proximate cause of the collision, damage and resulting injuries in the following, non-exclusive particulars:
>   a) Entrusting its vehicle to a person it knew or should have known could not operate its vehicle safely;
>   b) Permitting the reckless and negligent operation of its vehicle by defendant;
>   c) Permitting its vehicle to be operated by incapable and unskilled operator;
>   d) Failing to reasonably maintain its vehicle to operate in a safe manner;
>   e) Alternatively, failing to follow procedures for maintenance and service of the vehicle;
>   f) Failing to keep due and proper lookout over the vehicle;

> g) Failing to reasonably supervise its employees who operate its vehicle;
> h) Failing to reasonably train its employees to operate its vehicle(s) in a safe manner;
> i) As principal, responsible for the acts of the defendant driver to the extent that he was on a mission for defendant owner;
> j) Failing to act reasonably under the circumstances;
> k) Failing to perform an adequate background check, including a comprehensive evaluation of Jeffrey Fochtman's driving record, before it granted him permission to operate its vehicle;
> l) Such other acts and omissions as will be shown on the trial, all of which were in contravention of the exercise of due care, prudence, and the laws of Louisiana and Orleans Parish which are specially pleaded as if and as though copied in extenso.

(Doc. 1-1, Pages 27-8).

### 3. Pichon's and the Macks' Claims against Hudson

Claims against Hudson are solely derivative of claims against Fochtman and Boyd, as the petition alleges Hudson insured Fochtman and Boyd. The petition states as follows:

> Upon information and belief, the defendant, HUDSON INSURANCE COMPANY, issued a policy of insurance providing coverage to the defendants, JEFFREY FOCHTMAN and BOYD BROTHERS TRANSPORTATION COMPANY, INC., which afforded coverage for liability damages such as those sustained herein, which coverage was in full force and effect on the date of the subject collision, and who is liable for any amount of judgment by way of said contract of insurance agreeing to defend and indemnify the said defendants for such losses sustained by petitioners herein.

(Doc. 1-1, Page 28).

**B.   Claims of Marvin Howard:**

### 1. Howard's Claims against Fochtman **and** Boyd

Howard's claims against Fochtman and Boyd are essentially the same as Pichon's and the Macks' claims. The petition states as follows:

> On or about September 21, 2011, Defendant JEFFREY FOCHTMAN, while in the course and scope of his job, duties

and/or work for Defendant, BOYD BROTHERS TRANSPORTATION, was driving on N. Claiborne Ave. At the same time, your Petitioner, MARVIN HOWARD, was traveling on N. Claiborne Ave. in the lane immediately adjacent in a vehicle being operated by Defendant, Shirley Mack.  Suddenly and without warning or reason, Defendant, JEFFREY FOCHTMAN, ignored applicable traffic laws (including but not limited to staying in one's lane, not steering into adjacent lanes of travel, right of way principles, favored roadway principles, etc.), left his lane of travel and entered your Petitioner MARVIN HOWARD'S lane of travel, thus, crashing into the driver's side front and side of Plaintiff's vehicle and causing the accident at issue herein.  In the alternative, Defendant, SHIRLEY MACK, failed to evade the collision.

As a result of said September 21, 2011 automobile accident which was caused by the negligence of Defendants BOYD BROTHERS TRANSPORTATION, JEFFREY FOCHTMAN and SHIRLEY MACK, your Petitioner, MARVIN HOWARD, suffered personal and bodily injuries and mental anguish, including but not limited to:  neck, back and thoracic injuries, including multiple herniated and/or bulging discs, neurological damage, headaches, sleeplessness, sleep problems, and constant pain.

The above described September 21, 2011 automobile accident and the resulting injuries to your Petitioner, MARVIN HOWARD, were caused through the negligence of Defendants, BOYD BROTHERS TRANSPORTATION, JEFFREY FOCHTMAN and SHIRLEY MACK, which negligence includes but is not limited to the following actions and/or inaction:

    a)     Traveling at an excessive rate of speed;
    b)     Failure to maintain proper control of a vehicle;
    c)     Failing to maintain a proper lookout and/or being distracted or inattentive;
    d)     Failure to take all reasonable preparation and/or actions to avoid striking petitioner;
    e)     Improper lane usage;
    f)     Failure to yield properly;
    g)     Operating a vehicle in a reckless and/or negligent manner;
    h)     Failure to maintain a proper lane of travel and/or crossing into an oncoming lane;
    i)     Failure to defer to oncoming traffic on the primary or favored road and/or failing to see oncoming traffic;
    j)     Failure to maintain its vehicle and its component parts;
    k)     Failure to properly train and/or instruct its drivers;
    l)     Negligent entrustment of a vehicle;
    m)     Improper hiring practices and/or procedures;

> n) Acting in violation of the laws of the state of Louisiana and/or the Parish of Orleans, all of which acts may be properly proven at the trial of this matter;
> o) These acts of negligence are pleaded specifically herein and are in addition to the acts of negligence which will be shown at the trial of this matter.

(Doc. 1-1, Pages 3-5, in *Howard v. Boyd, et al*, 2:13-cv-00692-MVL-MBN).

### 2. Howard's Claims against Hudson

Claims against Hudson are solely derivative of claims against Fochtman and Boyd, as the petition alleges Hudson insured Boyd and Fochtman. These claims should be summarily dismissed. The petition states as follows:

> HUDSON INSURANCE COMPANY, at all times relevant herein had in full force and effect a policy of automobile liability insurance in favor of Defendants, BOYD BROTHERS TRANSPORTATION and JEFFREY FOCHTMAN, against their liability in connection with the September 21, 2011 automobile accident at issue herein. As a result of the foregoing and as per applicable Louisiana Law including, but not limited to, the Doctrines of Respondiat [sic] Superior, principal and agent, insurer and insured, the Louisiana Direct Action Statute, LSA-R.S. 22:655, and/or master-servant, said HUDSON INSURANCE COMPANY, has been named herein as party–defendant, and is answerable and/or responsible for coverage of the negligence and/or liability of Defendants, BOYD BROTHERS TRANSPORTATION and JEFFREY FOCHTMAN.

(Doc. 1-1, Page 5, in *Howard v. Boyd, et al*, 2:13-cv-00692-MVL-MBN).

### III. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates that the court **shall** grant a summary judgment: "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law. *U.S. v. Nitz*, 2012 WL 5362869, at *1 (W.D. La. 2012). Summary judgment is appropriate when the pleadings, depositions, affidavits,

declarations, and other evidence show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996). If the moving party demonstrates an absence of a genuine issue of material fact, then the nonmoving party must "go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial." *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F. Supp. 2d 488, 494 (M.D. La. 2003) (emphasis added) (citing *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996)). The nonmoving party cannot satisfy its burden by offering "conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence." *Guerin*, 246 F. Supp. 2d at 494.

## IV.     MOTION FOR SUMMARY JUDGMENT AS TO BOYD BROTHERS

Boyd did not employ or control Fochtman at the time of the accident that and has never employed or controlled Fochtman. *See Declaration of Jeff Hopkins, Exhibit B, ¶ 4; and Declaration of Jeffrey Fochtman, Exhibit C, ¶ 3, 4.* Fochtman, instead, was employed and controlled by a different trucking company, WTI Transport, Inc. *Ex. C, ¶ 3, 4; Ex. D, Declaration of Jem Blaire, ¶ 4, 5.* WTI leased the truck in question and controlled it and the trailer involved in the accident at all times relevant to this litigation. *Ex. D, ¶ 6.* The truck was operated under WTI's Certificate of Authority from the Federal Motor Carrier Safety Administration. *Id.* At the time of the accident, Fochtman was operating in the line and scope of his employment with WTI. *Ex. C, ¶ 7; Ex. D, ¶ 5.* WTI alone controlled Fochtman's actions at the time of the accident. *Ex. C, ¶ 5; Ex. D, ¶ 5.* WTI was solely responsible for Fochtman's actions in the line and scope of his employment, for entrusting the 18-wheeler to his care, for his training and management, and for maintaining the truck and trailer Fochtman operated. *Ex. B.*

There is no evidence whatsoever that the accident was caused by any malfunction in the equipment Fochtman operated. *Ex C, ¶ 8.* Even if such evidence existed, WTI and not Boyd was responsible for the equipment's maintenance. *Ex. B, ¶ 5; Ex. C, ¶ 5; Ex. D, ¶ 6.*

The Plaintiffs' claims are all premised the accident being caused through Fochtman's alleged negligent operation of the truck. Plaintiffs will not be able to produce any evidence – deposition testimony, expert reports, or otherwise – indicating there was anything wrong with the truck or trailer. Plaintiffs have not deposed a single party nor did they examine the truck and trailer. As such, Boyd is a wrongfully named Defendant and should be dismissed.

The plaintiffs' claims against Boyd consist of (1) the claims made against Fochtman and pursued against Boyd under a "employer/employee, vicarious liability, respondeat superior" theory, and (2) against Boyd for actions that Boyd individually took, e.g., negligent entrustment; failure to train Fochtman; and failure to properly maintain the tractor-trailer. Boyd does not employ or control Fochtman,[2] therefore the first class of claims should be dismissed. Boyd likewise had no control over the truck in question (which was controlled, maintained and operated by WTI under WTI's certificate of authority),[3] and therefore Boyd owed no duty to the plaintiffs to take any actions related to facts of the accident that gives rise to this litigation.

The premise of vicarious liability is codified in LSA-C.C. art. 2320, which provides that an employer is liable for the tortious acts of its employees "in the exercise of the functions in which they are employed." A corporation that does not employ or control a person cannot be held liable for that person's actions. In *Parmer v. Suse*, 657 So.2d 666, at 668 (La. App. 1 Cir. 1995), the Court found a corporation was not liable for the actions of a non-employee, holding:

---

[2] *See Ex. B, ¶ 4; Ex. C, ¶ 4.*

[3] *Ex. C, ¶ 5; Ex. B, ¶ 5; Ex. D, ¶ 6.*

> A master or employer is answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed. See LSA-C.C. art. 2320. [T]wo essential elements must be established before liability of an employer attaches, namely, (1) that a master-servant or employer-employee relationship existed between the employee tortfeasor and the employer, and (2) that the tortious act of the servant or employee was committed within the scope and during the course of his employment by the employer sought to be held liable. *St. Paul Fire & Marine Insurance Company v. Roberts*, 331 So.2d 529, 537 (La.App. 1st Cir.1976). In determining whether an employment relationship exists the jurisprudence of this state has uniformly held that the most important element to be considered is the right of control and supervision over an individual. *Hryhorchuk v. Smith*, 379 So.2d 281, 289 (La.App. 3rd Cir.1979), aff'd in part, rev'd in part, 390 So.2d 497 (La.1980). Factors to be considered in assessing the right of control are the selection and engagement of the worker, the payment of wages and the power of control and dismissal. *Hryhorchuk v. Smith*, 379 So.2d at 289.

*Parmer* at 668. "The right of control and supervision, selection and engagement, payment of wages, and the power of dismissal determines whether an 'employee' status exists." *Ermert v. Hartford Ins. Co.*, 559 So. 2d 467 (La. 1990). *Also see Sasser v. Wintz*, 102 So.3d 842, 848-51 (La. App. 1 Cir. 2012) (alleged employer did not have vicarious liability for independent contractor, as contractor was held not to be an employee). Clearly Boyd is not vicariously liable for Fochtman. If any entity is, it could only be WTI Transport.

To recover against Boyd for any of the theories that Boyd negligently maintained the truck in question, negligently entrusted Fochtman with it, failed to train Fochtman, etc., plaintiffs would have to demonstrate (1) that Boyd had control over Fochtman and/or the truck, and (2) that Boyd had a duty to take some action regarding either Fochtman or the tractor-trailer. Plaintiffs cannot present any evidence to refute the declarations Boyd has tendered with this Motion. Because Plaintiffs cannot prove the existence of any duty on Boyd's behalf, all claims against Boyd should be dismissed.

The existence of a duty is a central element in a claim to recover for injury in tort, and is a matter of law to be decided by the Court. *See Cortinas v. Highway Transport, Inc.*, 2000 WL 1760735 (E.D.La. November 28, 2000). "In order to recover, plaintiff must establish a duty on the part of the defendant." *Burdis v. Lafourche Parish Police Jury*, 618 So.2d 971 (La. App. 1st Cir. 1993). Duty is a question of law and the inquiry is whether the plaintiff has any law- statutory, jurisprudential, or arising from general principles of fault- to support his claim. *Faucheaux v. Terrebonne Consolidated Government, et al.*, 615 So.2d 289, 292 (La. 1993).

The Court in *Estate of Loveless ex rel Loveless v. Gay*, 945 So.2d 233 (La. App. 2 Cir. 2006), in holding that defendant had not breached its duty to exercise reasonable care, addressed the legal elements of "duty," stated:

> In deciding whether a duty has been violated, the trier of fact must decide whether the defendant's conduct conforms to the standard of a reasonable man under like circumstances; various factors considered in the "reasonable man" analysis include the likelihood of harm, the gravity of harm, the burden of prevention, and the social utility of the defendant's conduct. *Meany v. Meany*, 1994-0251 (La.7/5/94), 639 So.2d 229. Simply stated, an unreasonable risk of harm is one that a reasonable man would take steps to prevent or eliminate. The Louisiana Supreme Court had adopted a duty-risk analysis to determine whether liability exists under the particular facts presented. Under this analysis, the plaintiff must prove that the conduct in question was the cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant, and the risk of harm was within the scope of protection afforded by the duty breached. Under the duty-risk analysis, all four inquiries must be affirmatively answered for a plaintiff to recover. *Posecai v. Wal-Mart Stores, Inc.*, supra. See also *Meany v. Meany*, supra.

*Id*. at 238.

Plaintiffs cannot demonstrate any alleged negligent act or actions by Boyd that were a cause in fact of the accident. Cause in fact is a "but for" inquiry, which tests whether the plaintiff would have sustained injuries but for defendant's substandard conduct. *Perkins v.*

*Entergy Corp.*, 782 So.2d 606 (La. 2001). Cause in fact will be found when defendant's conduct was a substantial factor in bringing about the plaintiff's harm. *Roberts v. Benoit*, 605 So.2d 1032 (La. 1991). The cause in fact inquiry is limited in scope, so that to the extent the defendant's actions had something to do with plaintiff's injury, the test of a factual, causal relationship is met. *Hamilton v. City of Shreveport*, 896 So.2d 76, (La. App. 2 Cir. 2004) (holding defendant driver had no duty to subsequently injured plaintiff). There is not a scintilla of evidence that Boyd had any control over the actions that led to the accident, and therefore Boyd cannot have been the cause in fact of the accident.

For Plaintiffs to recover, they would have to demonstrate that Boyd had control over Fochtman, had the ability to stop Fochtman's action, or had some responsibility to train Fochtman or inspect his equipment. Boyd had no ability or legal obligation to affect or control the actions of an employee of another company. All claims against Boyd, therefore, should be dismissed.

## IV.     MOTION FOR SUMMARY JUDGMENT AS TO HUDSON INSURANCE

**A.     Fochtman is not an insured under the Hudson Indemnity Policy.**

The Hudson Indemnity Policy provides indemnity to Boyd, WTI Transport, and other corporations, after any of the named insureds or additional insureds have suffered a loss exceeding $250,000. The Policy is authenticated by Hopkins' affidavit, *Exhibit A*. The Policy states that Boyd Brothers Transportation, Inc., is an insured. *See Exhibit A, Policy, p. "Hudson 00003."* The Policy states that WTI Transport, Inc., Alabama Fire & Indemnity, Inc., and Boyd

Logistics are insureds. *Ex. A, Policy p. Hudson 00023*.[4] While an Insureds' <u>losses</u> due to the negligence of an Insureds' employees and agents can be covered under this Hudson's Indemnity policy, the Insureds' agents and employees themselves are not insureds or additional insureds.

The policy states:

> A. "Additional Insured" means a legal entity, as designated in the endorsements, only to the extent that the insured is obligated by a covered contract to reimburse, hold harmless or indemnify the additional insured(s), subject to all terms, definitions, conditions and exclusions of this contract. The insured shall pay all amounts payable to or on behalf of the additional insured(s) pursuant to the covered contract as and when requested by the Company and shall be entitled to reimbursement for net loss in excess of the insured's retention as provided by this contract.

*Policy, p. Hudson 00013.* The policy continues:

> L. "Insured": Each of the following is an insured to the extent set forth below:
> 1) The person(s), entity(ies) and/or organizations which are specifically identified as "insured(s)" in the Declarations, or which are specifically added as insured(s) by endorsement to this contract. The insured(s), as identified in the Declarations or as added by endorsement, may also be referred to as "Named Insured" in various endorsements, amendments and/or addenda hereto. Where any reference is made to "Named Insured", such reference shall be deemed to refer to any insured which is specifically identified in the Declarations or which is added as insured by endorsement. Where any reference is made, First Named Insured, such reference shall be deemed to refer to the first insured identified in the Declarations.
> 2) The parent company or other company owning a controlling interest in the insured, provided that such insured shall be indemnified only if its liability is solely caused by its ownership interest in the Insured(s) designated in the Declarations.

---

[4] The Policy also identifies Nucor Corporation and its subsidiaries, Nucor-Yamota Steel Company, American Cast Iron Pipe Co., California Steel Industries Inc., Unimin Corporation, JMC Steel Group, Atlas Tube, Wheatland Tube Divisions, Trinity Logistics Group, Inc., Trinity Industries Inc., its subsidiaries and legal affiliates, Wellborn Transport, Halliburton Energy Services, Inc. and Affiliated Cos., Deere & Co., Macsteel Service Centers USA, Interstate Nationalease, Inc., Lowe's Companies, Inc., and Boyd Intermodal, LLC, as additional insureds. *Pp. Hudson 38-55.*

    3) Any subsidiary or owned or controlled company of the insured as designated in the Declarations created or acquired subsequent to the inception date of this contract, but coverage hereunder will not apply:
      a) to liability for any event or any injury if any part of such event or injury commenced prior to the date of such creation or acquisition; and,
      b) unless the appropriate premium is paid and this policy is endorsed within sixty (60) days from the date of such creation or acquisition; and,
      c) unless any liability or loss shall result out of an occurrence arising out of trucking operations.
    4) If the insured is a partnership or joint venture, any partner or member thereof, but only with respect to such partner's or member's liability as partner or member of the insured.
    5) If the insured is a corporation, the board of directors and the officers appointed by the board of directors, but only while acting within the scope of their duties as such.
    **"Insured" does not mean, nor shall it be construed to mean, any person, entity or organization:**
    **a) which is not identified by name in the Declarations; or,**
    **b) which is not identified by name in any endorsement, amendment or addenda to this contract; or,**
    **c) who is merely acting as an agent, servant, employee, or driver for any insured; or**
    **d) for whose conduct an insured may be, or is held to be, vicariously liable.** (emphasis added)

*Policy, pp. Hudson 00014-5.*

It is clear that the allegations in the Plaintiffs' petitions that Fochtman is an insured under the Hudson Policy are wrong: Hudson provides no coverage for any claims asserted against Fochtman.

**B. Because Fochtman is not an insured, and because Boyd should be dismissed, Hudson is an improperly added party under the Louisiana Direct Action Statute, and should be dismissed.**

The Direct Action statute was amended by Acts 1989, No. 117, § 2 and Acts 1992, No. 584, § 1. Prior to those amendments, a plaintiff could bring suit against an insurer alone without qualification. Jurisprudence interpreting prior law held that the insured was not required to be

named as a party to the suit. *See e.g., Johnson v. St. Paul Mercury Ins. Co.*, 218 So.2d 375 (La. App. 2 Cir.). Under the current version of the statute, suit may be brought against the insurer alone only in the limited circumstances. *See Dubuclet v. St. Paul Fire & Marine Ins.*, 647 So.2d 1344, 1347 n. 1 (La. App. 4 Cir. 12/15/94).

Under Louisiana law, "[t]he Direct Action Statute extends a conditional right to file suit, to some parties under some circumstances." *Perkins v. Carter*, 30 So.3d 862, 866 (La. App. 5 Cir. 2009) (citing *Foltmer v. James*, 799 So.2d 545, 548 (La. App. 4 Cir. 2001)). "The reason the right is conditional is that no privity of contract exists between a plaintiff injured by a tortfeasor and that tortfeasor's insurance company." *Id.* "An injured party obtains a right of action against another person's insurance company only if all the requirements of the Direct Action Statute have been fulfilled." *Id.* "To sue a liability insurer directly under the Louisiana Direct Action Statute, the accident or injury must have occurred in Louisiana or the policy must have been written or delivered in Louisiana." *Diamond v. Progressive Sec. Ins. Co.*, 934 So.2d 739, 742 (La. App. 1 Cir. 2006).

An insurer cannot be made party to an action when none of its insureds are defendants in the action or when it is determined that any insured that was made a party defendant to the action has no liability to the Plaintiff. The Louisiana's direct action statute provides that such action may be brought against the insurer alone only when "the insured is deceased, insolvent, unable to be served, engaged in bankruptcy proceedings, or a spouse, child, or parent of the plaintiff," and none of these exceptions applies in the present case. La. R.S. 22:655(B)(1). The direct action statute does not create an independent cause of action against the insurer. It merely grants a procedural right of action against the insurer when the plaintiff has a substantive cause of action against the insured. *Marsh Engineering Inc. v. Parker*, 883 So.2d 1119, 1126-7 (La. App. 3 Cir.

2004). When the injured party's substantive cause of action against the original tortfeasor is extinguished, the procedural right of direct action against the insurer, which is purely remedial and ancillary to the cause, must fall by operation of law. *Id.; Bourque v. Lehmann Lathe, Inc.*, 476 So.2d 1129, 1131 (La. App. 3 Cir. 1985).

In *OXY USA Inc. v. Quintana Production Co.*, 79 So.3d 366, 377-9 (La. App. 1 Cir. 2011), the Court addressed an issue where the insured defendants argued that they should be dismissed because they were not timely sued. The Court agreed and after dismissing the claims against the insured defendants, the Court found that no claim could exist under the direct action statute against the Insurer Defendants. *Id. See also Rollins v. Richardson*, 803 So.2d 1028 (La.Ct. App. 2d Cir. 2001)(Court ruled cause of action against insurer was lost after insured was dismissed by Plaintiff).

In this case, Hudson insures Boyd but not Fochtman. Boyd, as the Court noted in its ruling on Plaintiff's Motion to Remand (Doc. 9, p.2 n.2), is not the proper defendant, as Boyd did not employ Jeffrey Fochtman. Boyd should be dismissed. Hudson does not insure Fochtman. *See Exhibit A, Hudson Policy*. As a result, Hudson is improperly added under the direct action statute, as there is no Defendant in this litigation against whom a judgment could be rendered who would be indemnified by any Hudson Policy.

## **CONCLUSION**

Boyd has been wrongly sued as Fochtman's employer. Plaintiffs can provide no facts that Boyd was vicariously liable for the alleged negligence of Fochtman, who was employed by WTI and not Boyd. Plaintiff can provide no facts that Boyd controlled or maintained the vehicle operated by Fochtman at the time of the accident or that a malfunction contributed to the accident. Thus Boyd should be dismissed. Once Boyd is dismissed, there will be no party

insured by Hudson in the suit. Hudson does not insure Fochtman. Thus, Hudson can have no liability for any judgment against him. Hudson likewise should be dismissed.

                                     Respectfully submitted:

                                     /S/ Robert L. Walsh
                                     Robert L. Walsh
                                     Vernon L. Wells, II, T.A.
                                     V. Walker Wells
                                     ***Attorneys for*** Boyd Brothers Transportation Co., Hudson Insurance Company, and Jeffrey Fochtman
                                     JONES WALKER LLP.
                                     201 St Charles Ave #5000
                                     New Orleans, LA 70170
                                     Telephone: (337) 593-7609
                                     Fax: (337) 593-7601
                                     Email: rwalsh@joneswalker.com

## CERTIFICATE OF SERVICE

I, hereby certify that on May 20, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of the electronic filing to counsel of record:

                                     /S/ Robby Walsh
                                     Robby Walsh